**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KASONJA ANDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:26-cv-10505** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMAZON.COM SERVICES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Kasonja Anderson ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Amazon.com Services, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*. ("FMLA"), seeking redress for Defendant's interference with Plaintiff's FMLA rights and retaliation against Plaintiff for requesting and using protected FMLA leave.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the FMLA is a federal statute.

3. Venue properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because Defendant operates and transacts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff, Kasonja Anderson, is an individual and resident of Will County, Illinois.

5. Defendant, Amazon.com Services, LLC, is a limited liability company with a business address located at 250 Emerald Drive, Joliet, Illinois 60433.

6. At all times relevant, Plaintiff was an employee and Defendant was an employer within the meaning of the FMLA.

7. At all times relevant to Plaintiff's FMLA claims, Defendant was an employer within the meaning of the FMLA and employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite.

## BACKGROUND FACTS

8. Plaintiff was employed by Defendant as a General Warehouse Worker from on or about January 1, 2021 until her unlawful termination on or about June 10, 2026.

9. Plaintiff met the obligations of her job duties.

10. At all times relevant to Plaintiff's FMLA claims, Plaintiff had been employed by Defendant for at least twelve (12) months.

11. During the twelve (12) months preceding Plaintiff's need for leave, Plaintiff worked at least 1,250 hours for Defendant.

12. At the time of the challenged interference, Plaintiff had FMLA leave available under Defendant's applicable twelve-month leave period.

13. On or about April 23, 2026, Plaintiff's mother suffered a stroke and required Plaintiff's care.

14. Plaintiff was entitled to FMLA leave because Plaintiff's mother suffered from a serious health condition and required Plaintiff's care.

15. In or around May 2026, Plaintiff requested leave from Defendant to care for her mother.

16. Defendant approved Plaintiff for approximately ten (10) days of leave per month to care for her mother for up to one year.

17. Plaintiff provided Defendant sufficient notice of her need for intermittent FMLA

leave.

18. Plaintiff used approximately ten (10) full or partial days of leave to care for her mother and submitted medical documentation through Defendant's application.

19. Defendant failed to designate Plaintiff's protected leave as FMLA leave.

20. Defendant counted Plaintiff's protected leave against Plaintiff.

21. As a result of Defendant's failure to designate the leave as FMLA leave, Plaintiff's unpaid-time balance was depleted, that balance exceeded Defendant's permitted limit, and Defendant terminated Plaintiff's employment.

22. On or about June 10, 2026, Defendant terminated Plaintiff's employment because of the absences Defendant had counted against Plaintiff's unpaid-time balance.

23. After Plaintiff requested and used protected FMLA leave, Defendant subjected Plaintiff to termination of her employment.

**COUNT I**
**Violation of the Family and Medical Leave Act**
**(FMLA Interference)**

24. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

25. Plaintiff was eligible for FMLA leave and suffered from a serious health condition or other qualifying reason that entitled her to protected leave.

26. Plaintiff provided Defendant sufficient notice of her need for intermittent leave.

27. Defendant failed to designate Plaintiff's protected leave as FMLA leave.

28. Defendant counted Plaintiff's protected leave against Plaintiff.

29. By virtue of the conduct alleged herein, Defendant interfered with, restrained, or denied Plaintiff's exercise of FMLA rights in violation of 29 U.S.C. § 2615.

30. As a direct and proximate result, Plaintiff suffered damages recoverable under 29 U.S.C. § 2617.

**COUNT II**
**Violation of the Family and Medical Leave Act**
**(FMLA Retaliation)**

31. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

32. Plaintiff was eligible for FMLA leave and provided Defendant notice of her need for leave.

33. Plaintiff engaged in protected activity by requesting and using FMLA leave.

34. Defendant knew that Plaintiff requested and used protected leave.

35. After Plaintiff requested and used protected leave, Defendant subjected Plaintiff to termination of her employment.

36. Plaintiff's request for and use of FMLA leave were negative factors in Defendant's adverse actions.

37. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff for exercising her FMLA rights in violation of 29 U.S.C. § 2615.

38. Plaintiff suffered damages recoverable under 29 U.S.C. § 2617.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

a. Back pay and other lost compensation;

b. Payment of interest on all recoverable back pay and other monetary losses;

c. Front pay;

d. Lost employment benefits;

e. Liquidated damages under the FMLA;

f. Appropriate declaratory and equitable relief;

g. Reasonable attorneys' fees and costs to the extent authorized by law;

h. Prejudgment and post-judgment interest to the extent authorized by law; and

i. Any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 31, 2026.

***/s/ Kelly Dean Pearce, Esq.***
Kelly Dean Pearce, Esq.
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue,
Suite 200,
Lombard, Illinois 60148
Phone (630) 575 - 8181
Fax (630) 575 – 8188
dpearce@atlaslawcenter.com
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Attorneys for Plaintiff*